Zimmerman, J.
 

 Section 710-150, General Code, made it mandatory for the Union Trust Company to deposit with the Treasurer of State the sum of $100,-000 in cash or approved securities, before it could accept and execute trusts. It elected to deposit securities and retained the title thereto subject to the qualification contained in Section 710-161, General Code, that “the fund deposited with the treasurer of state as
 
 *158
 
 provided by law shall be held as security for the faithful discharge of the duties undertaken by such trust company in respect to any trust.”
 

 The status of the Treasurer of State in relation to deposits of this kind is that of custodian, the release of all or any part thereof being dependent on the order or approval of competent authority.
 

 Upon the insolvency of a bank, organized and existing under the laws of Ohio, Section 710-89, General Code, a part of the so-called Ohio Banking Act, authorizes the Superintendent of Banks to “take possession of the business and property” of such bank. Subsequent sections fortify this authority and outline a comprehensive procedure to be followed in the liquidating process by both superintendent and claimants, under the direction and supervision of the Court of Common Pleas.
 

 We entertain the view that within the contemplation of the Ohio Banking Act the $100,000 in securities on deposit with the Treasurer of State represent property and assets of the Union Trust Company which the Superintendent of Banks should have in his role as statutory liquidator of such bank; to be held and applied by him, however, to fulfill the purpose for which they were originally placed with the Treasurer of State, before any other or different disposition can be made of them.
 

 The Superintendent of Banks has elected to invoke the extraordinary remedy of mandamus to obtain these securities. It is incumbent upon him to show not only that his right to this relief is clear, but that respondent has refused to perform an act which the law
 
 specially enjoins
 
 as a duty resulting from his office. Section 12283, General Code. 25 Ohio Jurisprudence, 995 to 997, Sections 22 and 23. This the relator has not done. While the statutes contain the plain implication that relator is entitled .to such securities to enable him fully to perform his duties as liquidator
 
 *159
 
 of the defunct Union Trust Company, they do not specially enjoin the respondent to surrender them.
 

 Our conclusion is that a mistaken remedy has been pursued by relator and that consequently the demurrer to the petition should be sustained.
 

 Demurrer sustained.
 

 Weygandt, C. J., Stephenson, Jones, Matthias and Day, JJ., concur.
 

 Williams, J., not participating.